BEGHIN, Respondent, v. STATE PERSONNEL BOARD and another, Appellants.

*September 13—October 5, 1965.*

424

For the appellants there was a brief by *Bronson C. La Follette,* attorney general, and *Robert J. Vergeront,* assistant attorney general, for the State Personnel Board, and *William J. Duffy* of Green Bay, for Carl K. Wettengel, and oral argument by *Mr. Vergeront* and *Mr. Duffy.*

For the respondent there was a brief by *Michael, Best & Friedrich* of Milwaukee, and *Stephen E. Gavin* of Madison, attorneys, and *Jerris Leonard* of Milwaukee of counsel, and oral argument by *Mr. Leonard.*

BEILFUSS, J. The principal issue is the time and manner in which veterans' preference points are to be applied to civil-service examinations.

The following portions of Wisconsin statutes bear upon the issues:

"16.10 APPOINTMENTS, PROMOTIONS, CHANGES IN CLASSIFIED SERVICE. (1) . . . promotions in the classified service, shall be made only according to merit and fitness, which, except as otherwise provided by law shall be ascertained so far as practicable by examinations which so far as practicable, shall be competitive."

"16.11 EXAMINATIONS; PROCEDURE, WHERE HELD. (1) All examinations for positions in the classified service shall be of such character as to determine the qualifications, fitness and ability of the persons examined to perform the duties of the class for which the register is being established. The examinations may be written, oral, physical, evaluation of training and experience, demonstration of skill, or any combination of such types. The examinations may take into consideration such factors, including education, experience, aptitude, capacity, skill, knowledge, character, physical fitness and other qualifications, as in the judgment of the director, enter into the determination of the relative fitness of the applicants. A person failing in the written portion of any such examination shall not be permitted to participate or continue with any other remaining portion of such examination. . . . If 2 or more competitors have like averages in the total examination, the order in which their names shall appear on the register shall be determined by that component part of the several parts of the total test as in the judgment of the director has been determined as most significant in relation to the job for which the examination is given."

"16.18 CLASSIFIED SERVICE; NOTICE OF VACANCY, PREFERENCE TO VETERANS, APPOINTMENT, OBJECTIONS TO. (1) . . . Whenever eligibles are certified, they must be those candidates who have been graded highest in an examination held in pursuance of ss. 16.01 to 16.30, and the rules made in accordance therewith, except that there shall be no restriction as to age in the case of veterans and except that

other conditions being equal, a preference shall be given in favor of veterans of any of the wars of the United States in accordance with the dates specified in s. 45.35 (5a). The employing officer shall not reject because of age any eligible veteran, 55 years of age or less, whose name has been certified to him. Preference is hereby defined to mean that whenever an honorably discharged veteran competes in any examination conducted by the bureau he shall be accorded 5 points, and if such veteran has a disability which is directly or indirectly traceable to war service, he shall be accorded another 5 points, in addition to earned ratings therein. . . ."

"16.19 CLASSIFIED SERVICE; PROMOTIONS. (1) Vacancies in positions in the classified service shall be filled, so far as practicable, by promotion from among persons holding positions in the classified service, under rules made and enforced by the personnel board. Promotions shall be based upon merit and fitness to be ascertained by examinations, to be provided by the director, and upon the superior qualifications of the person promoted as shown by his previous service, due weight being given to seniority and experience."

The basic purpose of any civil-service statute is to provide a method to determine and obtain the best-qualified persons available for government service. Our statutes are designed to achieve this purpose.

Many, if not most states, provide for a veterans' preference to be awarded to honorably discharged veterans in establishing priority for appointment in a civil service position.

As a generalization, it can be said that statutes which permit a veteran's preference, after it has been established that the veteran is eligible and qualified, have been held to be constitutional. The respondent, Beghin, does not contend that our statute providing for veterans' preference is *per se* unconstitutional but rather that its interpretation and application by the State Personnel Board is erroneous and, as applied, unconstitutional. Beghin's principal contention is that the board and the director have erroneously interpreted and applied the statute.

We must first determine at what stage of the examination process the veterans' preference points are to be applied. The authorization of veterans' preference is contained in sec. 16.18 (1), Stats., which is quoted in part above.

In deciding this phase of the action the trial court stated:

". . . It appears to the Court that it is the time when certification is made to the appointing authority. This is required by Sec. 16.18 (1) '. . . whenever eligibles are certified . . . a preference shall be given in favor of veterans. . .', other things being equal. Until the entire examination has been completed and graded the time for certification has not arrived. 'Whenever eligibles are certified, they must be those candidates who have been graded highest in an examination. . .' Sec. 16.18 (1), Stats. Thus, the allowance of veterans' preference points at the conclusion of the written portion of the examination and before the entire examination has been completed and the competitors are graded, as the Bureau and Board allowed them, is premature and is a prejudicial error of law."

We agree with this analysis and construction of the statute. Contrary to the interpretation and application by the board, veterans' preference points cannot be added to the grade until the entire examination has been completed.

Sec. 16.11 (1), Stats., provides that all examinations for positions in classified civil service shall be designed "to determine the qualifications, fitness and ability of the persons examined to perform the duties" of the position in question. "The examination may be written, oral, physical, evaluation of training and experience, demonstration of skill, or any combination of such types." The statute then provides, "A person failing in the written portion of any such examinations shall not be permitted to participate or continue with any other remaining portion of such examination."

Only the respondent, Beghin, and Hettrick of the top five had achieved a passing grade of 70 on the written portion of the examination.

Although the board makes some arguments to the contrary, it is apparent from its practice or application of the statute that it recognized that it was necessary for an applicant to obtain a passing grade on the written portion of the examination as a prerequisite to participation in the remaining portions of the examination.

To avoid disqualification of veterans at this stage, the director and the board have adopted the practice of adding the veterans' preference points to the grades obtained on the written examination to bring them up to a passing grade. If the addition of veterans' preference points brings his grade on the written examination up to a passing grade he is permitted to continue the examination. Veterans' points are not given, at this state, to veterans who have achieved a passing grade. After the participation in the remaining portion of the examination, veterans' preference points added to the written examinations are then withdrawn and then added to the composite grade in the same manner as they are added to the composite grades of all veterans. This practice in effect would allow some but not all veterans to utilize preference points twice.

We find no authority for this interpretation and application of the statute, either in language of the statute or by fair implication. If the practice is permitted, it, in effect, allows a special class of persons to be qualified which has not met the statutory minimum requirements. We cannot read this legislative intent into the statute. If such was the intention of the legislature the statute would probably be unconstitutional.[1]

The board, in support of its position, devotes a considerable portion of its argument to the legislative history of the statute

[1] *Meenagh v. Dewey* (1941), 286 N. Y. 292, 36 N. E. (2d) 211; *Carney v. Lowe* (1939), 336 Pa. 289, 9 Atl. (2d) 418; *Commonwealth ex rel. Graham v. Schmid* (1938), 333 Pa. 568, 3 Atl. (2d) 701.

and to the fact that the statute has been administered in this manner for many years. Legislative history and long-standing administrative interpretation are significant aids in statutory construction when ambiguity or absence of necessary administrative direction appears in the statute.[2] In this instance we find no ambiguity or lack of administrative direction to justify the interpretation and application of the statute by the director and the board.

We conclude that the statutes specifically direct that veterans' preference points are to be added to the composite or final grade of the applicant and that no applicant, veteran or otherwise, can be permitted to complete an examination to establish his qualifications when he has failed the written portion of the examination.

This construction of the statute makes it unnecessary to further consider any constitutional questions under the issues as raised by the parties.

The trial court properly reversed the order of the board and remanded the matter for further proceedings.

*By the Court.*—Judgment affirmed.

---

[2] *Frankenthal v. Wisconsin Real Estate Brokers' Board* (1958), 3 Wis. (2d) 249, 255, 88 N. W. (2d) 352, 89 N. W. (2d) 825; *Dunphy Boat Corp. v. Wisconsin Employment Relations Board* (1954), 267 Wis. 316, 326, 64 N. W. (2d) 866.