DANIEL L. LAROCQUE, District Attorney, Marathon County *Page 11 
You have requested my opinion on two questions relating to the appointment of deputy sheriffs in counties having a civil service system pursuant to sec. 59.21 (8), Stats. Marathon County has a Civil Service Commission.
Your questions relate to that part of sec. 59.21 (8) (a), Stats., which provides:
"* * * deputy sheriff positions shall be filed by appointment by the sheriff from a list of 3 persons for each position, such list to consist of the 3 candidates who shall receive the highest rating in a competitive examination * * *"
1. Do the "positions" which are referred to a being filled by competitive examinations include departmental promotions from patrolman to sergeant, from sergeant to lieutenant, etc., or is it possible for the sheriff to appoint anyone to these senior ranks once the person has qualified as a civil service deputy?
2. Is a competitive examination reuired [required] for transfer of an officer from one branch of the sheriffs department to another, that is, for example, from a patrolman to the detective bureau or from the juvenile office to the detective bureau?
You state that in the latter situation a person who is transferred actually receives a pay raise as provided by the county board although his rank may remain the same. He also obtains certain fringe benefits, such as working in plain clothes and more regular hours, etc.
It would appear that the type of transfer you refer to results in a promotion. A civil service commission should define the term "promotion" by rule. For suggestions, part of which may be applicable, see Chapters Pers. 14, 15, Wisconsin Administrative Code.
I am of the opinion that in either case the sheriff must request certification of the names of three persons from the commission. Such persons must have passed a competitive examination which is applicable to the position to which the appointment is to be made. If an eligible list exists, certification should be made from that list by reason of sec.63.05 (1) and (3), Stats. If no eligible list exists, an examination must be arranged for pursuant to sec. 63.05 (4), Stats. *Page 12 
In 48 OAG 98 (1959) it was stated that a county acting under sec. 59.21 (8), Stats., could provide for various classes of deputy sheriffs.
The provisions of sec. 63.01 to 63.17, Stats., are generally applicable by reason of the language in 59.21 (8) (a), Stats., which provides:
"* * * If a civil service commission is decided upon for the selection of deputy sheriffs, then ss. 63.01 to 63.17 shall apply so far as consistent with this subsection, except ss. 63.03,63.04 and 63.15 and except the provision governing minimum compensation of the commissioners. * * *"
By reason of sec. 63.09, Stats., a person must qualify for a promotion by examination. Under sec. 63.05 (1), Stats., the commission has some latitude in establishing eligible lists for various positions. One competitive examination may qualify a person for one or more positions of similar nature, but individual lists must be established for positions where there is a variance in rank and pay range.
Even where there is not a civil service commission, the language of sec. 59.21 (8) (a), Stats., requires that the sheriff appoint from a list of three persons certified as eligible. Hence, certification of eligibles must be requested whenever a vacancy exists in a position.
RWW:RJV