James A. ELLINGSON, Plaintiff-Appellant,

v.

DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS;
Joint School District No. 1 of the City of
Port Washington, et al.; and
Burns International Security Service, Inc.,
Defendants-Respondents.†

Court of Appeals

*No. 79–803. Submitted on briefs October 12, 1979.—
Decided March 26, 1980.*
(Also reported in 291 N.W.2d 649.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Bruce Meredith* and *Wisconsin Education Association Council* of Madison.

For the defendants-respondents the cause was submitted on the brief of *Uclair W. Brandt,* director, and *James L. Pflasterer,* deputy director, and *Malvin H. Jarchow,* attorney, and *Department of Industry, Labor and Human Relations,* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J. James Ellingson has appealed from the judgment of the circuit court which affirmed the decision of the Department of Industry, Labor and Human Relations that appellant was ineligible for unemployment compensation benefits.

The issue is whether an employee is eligible for continued unemployment compensation benefits if he voluntarily terminates parttime employment which, prior to termination, had not affected his eligibility. We hold that sec. 108.04(7)(a), Stats., renders the employee ineligible for benefits.

Appellant was employed as a teacher by the Port Washington school district during the 1975–76 school year. The district terminated his employment contract at the end of the year. He was awarded unemployment compensation benefits and received the maximum allowable, not less than $122 a week, from September 1, 1976, through mid-December, 1976.

Appellant was employed as a parttime guard at Burns International Security Service, Inc. from April, 1976, through December 24, 1976. He worked two days a week, was never paid more than approximately $58 a week and never earned enough to reduce his unemployment benefits. Appellant's wife secured a teaching po-

sition in Jefferson, Wisconsin in December, 1976. She had no other job offer. Appellant asked Burns for a transfer to Jefferson but no position was available in that area. Appellant terminated his employment with Burns December 25, 1976.

The department held that appellant was ineligible for benefits under sec. 108.04(7) (a), Stats., following voluntary termination of his employment with Burns. The circuit court affirmed the department's decision.

Section 108.04, Stats., sets forth numerous circumstances affecting the eligibility of an employee for unemployment compensation benefits, one of which is termination by the employee. Section 108.04(7) (a) provides:

If an employe terminates his or her employment with an employing unit, the employe shall be ineligible for any benefits for the week of termination and thereafter until he or she has again been employed within at least 4 weeks and has earned wages of at least $200, except as otherwise provided in the subsection.

Section 108.04(7) contains several subsections specifying circumstances under which paragraph (a) quoted above does not apply. Appellant does not contend that his termination comes within any of the exceptions to paragraph (a).

"Employing unit" is not defined in ch. 108, Stats.[1] Section 108.02(4) (a), Stats., provides:

"Employer", except where the term by its context may apply to any unit employing one or more individuals, means every government unit and any person, . . . who is subject to this chapter under the statutes of 1975, or who has had employment in this state and becomes subject to this chapter under this subsection . . . .

Section 108.04, Stats., distinguishes an "employer" and an "employing unit" when describing circumstances

---

[1] The term appears only in secs. 108.02(3) and (6), 108.04, 108.05(6), 108.07(4) and 108.14(8m) (a), Stats.

creating ineligibility. Section 108.04(1)(a) provides that an employee is ineligible for benefits for any week in which he is called on by his "employing unit" to report for work available that week and he is unavailable for or unable to work. Section 108.04(5) provides that an employee is ineligible after discharge by the "employing unit" for misconduct. Section 108.04(6) provides that disciplinary suspension by an "employer" results in ineligibility. Section 108.04(7)(a), which is involved in this appeal, refers to the "employing unit."

Appellant contends that due to failure to define "employing unit," that term is susceptible to several different interpretations, the most literal of which is "any employment," the definition chosen by the department. Appellant states that the literal interpretation of sec. 108.04(7), Stats., does not fully recognize the possibility of concurrent employers or differentiate between an employee's primary and secondary employments which are often parttime jobs. Appellant contends that partial employment which does not affect eligibility for unemployment compensation should not be encompassed in the term "employing unit" and urges that the term be defined as employment which has an effect on the amount of unemployment compensation being received from, or potentially "attributable" to, a given employer's benefit account.

The department contends that the unemployment compensation law of this state has always imposed a bar or suspension of benefits for voluntarily leaving any job, including parttime jobs.

The primary source used to construe a statute is the language of the statute itself. *Nekoosa-Edwards P. Co. v. Public Serv. Comm.*, 8 Wis.2d 582, 591, 99 N.W.2d 821 (1959). If a statute is ambiguous, it is permissible to look to the legislative intent. That intent may be

found in the language of the statute in relation to its scope, history, context, subject matter and object intended to be accomplished. *State ex rel. Arnold v. County Court,* 51 Wis.2d 434, 439–40, 187 N.W.2d 354 (1971). Legislative history and longstanding administrative interpretation are significant aids in construing a statute when an ambiguity exists. *Beghin v. State Personnel Board,* 28 Wis.2d 422, 430, 137 N.W.2d 29 (1965). A statute is ambiguous if, looking at the language of the statute, a well-informed person could have become confused. *Czaicki v. Czaicki,* 73 Wis.2d 9, 14, n. 7, 242 N.W.2d 214 (1976).

We find that the term "employing unit" as used in ch. 108, Stats., is ambiguous because the term is not defined and its meaning cannot be ascertained solely by reference to context.[2]

The legisative history of the term "employing unit" convinces us that its use in sec. 108.04(7)(a), Stats., refers to any employment, including part-time employment.

Prior to 1957, ch. 108, Stats., did not use the term "employing unit." Section 108.02(4)(a), Stats. 1955, defined employer as follows: " 'Employer,' except where the term by its context clearly applies to each employer of one or more individuals in Wisconsin, means . . . ." Section 108.04(7)(a) Stats. 1955, provided:

If an employe terminates his employment with an *employer,* he shall be ineligible for any benefits based on such employment, and ineligible for benefits based on

---

[2] In a part of ch. 108, Stats., which is not before us, "employing unit" is juxtaposed with "employer" so as to indicate that an "employing unit" is far broader than "employer." Section 108.07 (4) provides in part that a benefit year is not affected by a later determination that a "subsequent employing unit was also a covered employer."

other previous employment for the week of termination and the 4 next following weeks, except as hereinafter provided. (Emphasis added.)

A statutory Advisory Committee on Unemployment Compensation, consisting of labor and management representatives, prepared Senate Bill 259 which resulted in ch. 235, Laws of 1957. Section (2) of ch. 235, Laws of 1957, amended sec. 108.02(4)(a) to define "employer" in material part as follows:

"Employer", except where the term by its context may apply to any *unit* employing one or more individuals, means . . . . (Emphasis added.)

The Advisory Committee's note which followed this proposed amendment in Bill 259, S. states:

Those changes do not affect the law's coverage. They simply recognize that there are many places in ch. 108 where the word employer means, or should mean, any employing unit—not just an employer covered by Wisconsin's U. C. law.

For example, if a benefit claimant is working part-time, his total wages for the week should be considered in figuring whether he is unemployed and should receive any benefits for that week—even if he earns some or all of those wages from a noncovered employing unit. Similarly, the fact of any job separation are revelant [sic], whether or not the employer involved is covered by ch. 108.

Section 25, ch. 235, Laws of 1957, provided:

In view of the changes effected by this act in s. 108.02 (4)(a) of the statutes, the term "employer" as used in s. 108.02(3) and (6) and in s. 108.04(1)(a), (4)(c), (5), (7)(a) and (b), (8)(d), (10), (13)(a) and (15) (intro. par.) and (b) of the statutes shall mean any "employing unit," except where the term by its context can only mean an employer covered by chapter 108 of the statutes.

Section 108.04, Stats., has been modified by almost every legislature since 1957.[3] Section 108.04(7)(a) in particular was amended by sec. 16, ch. 53, Laws of 1971, and sec. 16, ch. 343, Laws of 1975, but without modifying or deleting the term "employing unit."

We are sympathetic to appellant's plight, but whether the policy established in 1957 should be modified is a matter for the legislature.

We conclude that sec. 108.04(7)(a), Stats., renders an employee ineligible for benefits if he voluntarily terminates parttime employment regardless whether, prior to termination, that employment had not affected his eligibility, unless paragraph (a) is otherwise inapplicable.

*By the Court.*—Judgment affirmed.

---

[3] Chapter 61, Laws of 1959; ch. 12, Laws of 1961; ch. 145, Laws of 1963; chs. 276 and 358, Laws of 1969; chs. 40, 42 and 53, Laws of 1971; ch. 247, Laws of 1973; ch. 343, Laws of 1975; and chs. 127, 133 and 286, Laws of 1977.