# WISCONSIN PROFESSIONAL POLICE ASSOCIATION, Plaintiff-Respondent,

## v.

# WAUKESHA COUNTY, Defendant-Appellant. †

Court of Appeals

*No. 85–0227. Submission on briefs November 1, 1985.—
December 18, 1985.*
(Also reported in 381 N.W.2d 598.)

† Petition to review denied.

For the defendant-appellant, a brief was filed by *Robert G. Mawdsley,* corporation counsel of Waukesha.

For the plaintiff-respondent, a brief was filed by *Jeffrey A. Sisley,* of *Vanden Heuvel Law Office,* of Milwaukee.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J. The question on this appeal is how to interpret sec. 59.21(8)(a), Stats. (1981–82),[1] which concerns, *inter alia,* the procedure for sheriff's department promotions in counties with populations of less than five hundred thousand. The trial court held that the statute unambiguously commands the sheriff to pick from a list of only three candidates. We agree and therefore reject Waukesha county's assertion that the list is made up of all persons with the top three competitive examination *scores* no matter how many people that may be.

The facts are uncontroverted. Both detective and juvenile officer positions were open in Waukesha county. Examinations were held and James Marhofke scored a 92, ranking first. Kenneth Donovan and Jeffrey Greb both scored 91. Thomas Siegloff scored 90. For the juvenile officer position, Siegloff scored 90, Donovan and Bonnie Parsons scored 89 and Larry LaFavor and Daniel Trawicki had 88.

Waukesha county certified all the above as eligible for the respective promotions. The Wisconsin Professional Police Association sought a declaratory judg-

---

[1] Although this statute has since been changed, the only change is to substitute the term "division of merit recruitment" for the term "department of administration." It thus has no effect on this case.

ment, arguing that the statute requires only three persons be certified as eligible for promotion. The trial court agreed and the county appeals. Since this is a matter of statutory interpretation, it is a question of law that we review *de novo*. *Hainz v. Shopko Stores, Inc.*, 121 Wis.2d 168, 172, 359 N.W.2d 397, 400 (Ct. App. 1984).

■ The statute, with the pertinent parts underlined, states as follows:

[D]eputy sheriff positions shall be filled by appointment by the sheriff from a list of 3 persons for each position, such list to consist of the 3 candidates who shall receive the highest rating in a competitive examination of persons residing in this state for at least one full year prior to the date of such examination. Such competitive examinations may be by a county civil service commission or by the department of administration at the option of the county board and it shall so provide by ordinance. The department of administration shall upon request of the county board conduct such examination according to the methods used in examinations for the state civil service and shall certify an eligible list of 3 names for each position to the sheriff of such county who shall thereupon make an appointment from such list to fill such position within 10 days after the receipt of such eligible list.

Section 59.21(8)(a), Stats. (1981–82) (emphasis added). The primary source for construction of a statute is the language of the statute itself. *Ellingson v. DILHR,* 95 Wis.2d 710, 713, 291 N.W.2d 649, 651 (Ct. App. 1980). Where the language of a statute has a clearly understood meaning, that meaning must be given to the lan-

guage. *Milwaukee County Combined Community Services Board v. Athans,* 107 Wis.2d 331, 335, 320 N.W.2d 30, 32 (Ct. App. 1982).

We agree with the respondent's analysis which is as follows: The language clearly and unequivocally refers to three synonymous terms: "persons," "candidates" and "names." These synonymous terms indicate that the certification list should include the names of three men or women.

When interpreting statutes, the non-technical words used in a statute are to be given their ordinary and accepted meaning and that meaning may be ascertained from a recognized dictionary. *See Kollasch v. Adamany,* 104 Wis.2d 552, 563, 313 N.W.2d 47, 53 (1981). Webster's Third New International Dictionary 1686 (1976) defines "person" as "an individual human being." It defines "candidate" as *"one* that presents himself or is presented . . . as suitable for and aspiring to an office. . . ." *Id.* at 325 (emphasis added). Finally, "name" is defined by Webster's as "a word or sound . . . by which an individual . . . (as *persons* or things) is regularly known or designated." *Id.* at 1501 (emphasis added). Generally, in the absence of an applicable statutory definition, it is the common usage of non-technical words and phrases which is intended by the legislature. *Department of Revenue v. Trudell Trailer Sales, Inc.,* 104 Wis.2d 39, 42, 310 N.W.2d 612, 614 (1981). In the case at hand, the statute clearly and unequivocally requires that three names rather than three scores be certified as eligible for promotion.[2]

---

[2] An attorney general opinion is in accord with our holding. *See* 61 Op. Att'y Gen. 10 (1972).

Waukesha county acknowledges the clear wording of the statute but claims that strict adherence to the "plain and unambiguous" rule would be unreasonable and would frustrate the legislative intent of the statute. The county cites *State ex rel. Melentowich v. Klink,* 108 Wis.2d 374, 321 N.W.2d 272 (1982),[3] as an example of the supreme court's willingness to look beyond the "plain and unambiguous" rule in order to effectuate the statute's purpose. It urges us to do the same in this case.

The county argues that the legislative intent is to require a list of *all* qualified candidates having the highest numerical rankings. To therefore limit the list to an arbitrary number of three is unreasonable. To support this position, the county cites other promotion and hiring statutes. County civil service jobs, for example, are governed by sec. 63.05, Stats. The civil service commission is directed to compile a list of *at least* five names. Thus, as many individuals as stand highest on the eligibility list can be named, as long as there is a minimum of five.

Likewise, sec. 230.25, Stats., governing state civil service jobs, as opposed to county jobs, allows certifica-

---

[3] *Melentowich* involved an extradition request by the state of California for a mental patient who had escaped and was living in Wisconsin. A Wisconsin statute provided that extradition must take place within one year from the time of "flight," which it defined as voluntary or involuntary departure from the state. The supreme court held that despite the clear language of the statute, use of the plain and unambiguous rule would work an unreasonable result. The court reasoned that sometimes it is more than a year before the patient is discovered. Flight, therefore, cannot be measured from the day of department but rather must be measured from the date of discovery. The intent of the legislature to further the treatment of mentally ill patients would thus be better served.

tion of five names if there are less than fifty eligible candidates. If there are fifty or more candidates, then the top ten percent are picked.

The county concludes that the spirit of Wisconsin's hiring laws is to designate what is the highest ranking and to allow any number within that highest ranking to be included on the list of finalists. The county reasons that if the statute were read to require that only the top three people be chosen, confusion would result if four or more people had the top three scores. Under what it considers the more reasonable interpretation, this dilemma would not occur since *all* qualified people would be finalists.

We decline to accept the county's argument. In order to be dissuaded from using the "plain and unambiguous" rule, we must be convinced that the plain meaning would be unreasonable and would frustrate the intent of the legislature. We are not persuaded that such is the case here.

■

The "rule of three" has as its purpose to narrow hiring discretion, not to broaden it. *Terry v. Mercer County Board of Chosen Freeholders,* 430 A.2d 194, 198 (N.J. 1981). It ensures appointment based on merit while giving the appointing authority limited discretion to consider other criteria. *Gallagher v. Mayor and Council of Irvington,* 463 A.2d 969, 972 (N.J. Super. Ct. App. Div. 1983).

■

It is not unreasonable for the legislature to limit discretion in sheriff's promotions while broadening discretion in civil service promotions. Sheriffs are partisan elected officials; the present system works to keep politics within the department at a minimum where

promotions are concerned. Although the legislature recently changed sec. 63.05, Stats., from the "rule of three" to a broader rule, it did not do the same for sec. 59.21(8)(a), Stats. The fact that it did not indicates that it wants to keep the limited discretion policy in force with respect to sheriff's departments. If the legislature wants to change this policy, it will be easy to do it.

We are likewise not persuaded by the tie-vote hypothesis. The hypothesis is that if more than three people have the top three scores, the statute would unreasonably force a commission to choose among equally qualified people who "tied" for the top spots. We conclude, however, that if the top candidates tie, a procedure for breaking the tie can be handled administratively. A legislative pronouncement is not necessary.

The county posits two more arguments in favor of its position, both of which lack merit. First, it notes that Title VII prohibits discriminatory policies, and affirmative action programs have been instituted to overcome discrimination. The county alleges that the "rule of three" violates this policy. There has been no such showing. We cannot deal in conjecture.

Second, it is claimed that new sec. 63.05, Stats., supersedes sec. 59.21(8)(a), Stats. (1981–82). We reject this argument because, by the very terms of sec. 59.21(8)(a), secs. 63.01 to 63.17, Stats., only apply "so far as consistent with this subsection." Since the sections are inconsistent, sec. 63.05 does not apply.

Moreover, when a general statute and a specific statute relate to the same subject matter, the specific statute controls. *Kramer v. City of Hayward,* 57 Wis.2d 302, 311, 203 N.W.2d 871, 876 (1973). Section

59.21(8)(a), Stats. (1981–82), relates specifically to deputy sheriffs.

*By the Court.*—Order affirmed.