Karen J. CARDINAL, Plaintiff,

v.

LEADER NATIONAL INSURANCE CO., Defendant-Appellant,

AMERICAN & FOREIGN INSURANCE CO., a/k/a Royal Insurance Co. of America, Defendant-Respondent,†

Julia A. POST, Alphonse Post, Paul A. Wilson, and Milwaukee Mutual Insurance Co., Defendants.

Court of Appeals

*No. 89-1271. Oral argument May 2, 1990.—Decided September 12, 1990.*

(Also reported in 461 N.W.2d 799.)

†Petition to review granted.

148

On behalf of the defendant-appellant, there were briefs and oral argument by *Philip C. Reid* of *Cook & Franke, S.C.* of Milwaukee.

On behalf of the defendant-respondent, there was a brief and oral argument by *Susan E. Simanek* of *Albert, Jude, Shuman & Simanek, S.C.* of Racine.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.   Leader National Insurance Company appeals from a judgment commanding that it cover, for liability purposes, a permissive user of a vehicle, even though Leader did not insure the vehicle; it insured only the owner under a non-owner insurance policy.

There are three issues in this case. First, does the financial responsibility statute mandate that non-owner insurance be transformed into vehicle insurance? Second, did the SR–22 form sent by Leader to the state change the terms of the non-owner insurance policy to vehicle insurance? Third, does the omnibus statute, mandating coverage for all permissive drivers of insured vehicles, apply to non-owner policies certifying compliance with the financial responsibility statute?

We hold that the financial responsibility statute, secs. 344.24 through 344.41, Stats., mandates proof of financial responsibility only for drivers and not vehicles. We also hold that the SR–22 form did not change the terms of the policy. Finally, we determine that the omnibus statute, sec. 632.32(3)(a), Stats., applies only to

insurance on a vehicle, not to insurance on a person. We reverse in favor of Leader.

Leader sold a non-owner driver's insurance policy to Paul Wilson and submitted an SR–22 form to the state as proof of Wilson's financial responsibility. The state requires this form before it will reinstate a driver's license that has been suspended or revoked. The form divides insurance into "owner's insurance" and "operator's insurance." Leader checked off both kinds of insurance and, beneath the "owner's insurance" section, typed "all owned and non-owned vehicles."

Leader apparently did not know Wilson owned several vehicles at the time it issued the policy. All parties agree that the insurance policy indicated no vehicles, and the policy does not list coverage of any vehicles. Wilson testified at a deposition that Leader told him it was selling him a non-owner policy.

Wilson permitted his girlfriend, Julia Post, to drive one of the vehicles he owned. She had an accident. The injured party, Karen Cardinal, sued her uninsured and underinsured carrier, Royal Insurance Company, and also sued Wilson and Leader. Royal settled with Cardinal and she was dismissed from the lawsuit. Royal then sought to collect from Leader. Both parties moved for summary judgment on the question of whether Wilson's non-owner policy from Leader provided coverage for a permissive driver of one of the vehicles Wilson owned. The trial court gave judgment to Royal.

The first issue, whether the financial responsibility statute mandates coverage for all vehicles owned by a person allowed to drive by reason of this statute, is a question of law because it involves statutory interpretation. *Nelson v. Zeimetz,* 150 Wis. 2d 785, 792, 442 N.W.2d 530, 533 (Ct. App. 1989). We owe no deference

to the trial court. *Id.* The primary source for construction of a statute is the language of the statute itself. *Hartlaub v. Coachmen Indus., Inc.,* 143 Wis. 2d 791, 797, 422 N.W.2d 869, 871 (Ct. App. 1988).

Section 344.31, Stats., requires certification by an insurer "that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility."[1] This certification "shall certify coverage for any motor vehicle *operated* by the named insured." *Id.* (emphasis added). Section 344.33(2), Stats., defining a "motor vehicle liability policy," states that such policy "shall insure the *person* named therein using any motor vehicle with the express or implied permission of the owner." (Emphasis added.)

Leader asserts that the language of these sections recognizes the nature of a non-owner policy, which is a policy insuring only the person and not any vehicles the insured may own. Leader reads these sections to mandate insurance of the person, not the person's vehicle. Thus, an insured who is certified as financially responsible by a non-owner's policy is covered when driving his or her own vehicle, but this is because the insurance follows the person. The fact that the insured person owns or does not own the vehicle is irrelevant.

---

[1]The full text of sec. 344.31, Stats., states:

**Certification of insurance as proof.** Proof of financial responsibility for the future may be furnished by filing with the secretary the written certification of any insurer duly authorized to do business in this state that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility or by transmitting such certification to the secretary by another means approved by the secretary. Such certification shall give the effective date of such motor vehicle liability policy, which date shall be the same as the effective date of the certification and shall certify coverage for any motor vehicle operated by the named insured.

152

Royal responds that because sec. 344.31, Stats., requires a certification for coverage of "any motor vehicle operated by the insured," vehicle insurance rather than just non-owner insurance is mandated. For further support, Royal points to the SR–22 form. The state Department of Transportation requires an insurance company certifying financial responsibility to check both owner's and operator's insurance on the form. The department also requires the insurer to enter the phrase "all owned and non-owned vehicles" beneath the section on owner's insurance. The Department of Transportation will not accept a non-owner policy as adequate proof of future financial responsibility. Royal concludes that the statute mandates vehicle coverage.

The difference between the language of sec. 344.31, Stats., and sec. 344.33(2), Stats., creates an ambiguity about whether the financial responsibility laws require insurance of a person or all of the vehicles the person operates. A statutory ambiguity can be created by the interaction of two separate but related statutes. *Van Cleve v. Hemminger,* 141 Wis. 2d 543, 547–48, 415 N.W.2d 571, 573 (Ct. App. 1987). Ambiguity exists when the meaning is capable of being understood by reasonably well-informed persons in two or more different senses. *State v. Robinson,* 140 Wis. 2d 673, 676, 412 N.W.2d 535, 537 (Ct. App. 1987). When ambiguity is present, it is permissible to look to the legislative intent. *Ellingson v. DILHR,* 95 Wis. 2d 710, 713, 291 N.W.2d 649, 651 (Ct. App. 1980).

Chapter 344, Stats., was created in 1957. Sec. 1, ch. 260, Laws of 1957.[2] From 1957 until 1973, these statutes

---

[2]Laws requiring proof of financial responsibility existed prior to 1957 as sec. 85.09, Stats. Those financial responsibility laws were created in 1941. Sec. 3, ch. 206, Laws of 1941.

required proof that financial responsibility be furnished for "each motor vehicle registered." Sec. 344.29, Stats. (1957). Moreover, sec. 344.33(2), Stats. (1957), distinguished owners' policies from operators' policies and commanded that owners' policies explicitly designate the vehicles insured. An operator's policy, on the other hand, insured the driver when operating all non-owned vehicles, but not when operating owned vehicles that were uninsured. Sec. 344.33(3), Stats. (1957).

There was, therefore, a gap in the law. A person who owned vehicles could fail to disclose those vehicles to an insurance company and could purchase an operator's policy rather than an owner's policy as proof of financial responsibility. If a person had only an operator's policy, that person was not covered when driving owned vehicles that were uninsured.

The financial responsibility statutes were amended in 1973. Secs. 505–18, ch. 90, Laws of 1973. Those sections abolished the previous distinction between owner's and operator's insurance and substituted the term "motor vehicle" policy. Sec. 511, ch. 90, Laws of 1973. The revised statute no longer commanded the state to take away an owner's vehicle registration for failure to prove financial responsibility. Rather, the penalty for both owners and non-owners was suspension of the person's driver's license. Sec. 516, ch. 90, Laws of 1973.

Thus, the present statute addresses the gap left in the prior law. By unlinking financial responsibility insurance from registration and linking it instead to retention of a driver's license, the legislature showed an intent to require proof of financial responsibility for bad drivers rather than for the vehicles the bad drivers own. We hold that the present language tracks to the operator of the vehicle rather than the vehicle itself. Our conclu-

154

sion is strengthened by dicta of our supreme court, writing that financial responsibility insurance follows the driver insured rather than the vehicle. *Gross v. Joecks,* 72 Wis. 2d 583, 590, 241 N.W.2d 727, 730 (1976).

The language in the SR–22 form does not persuade us otherwise. We acknowledge, of course, that when the legislature charges an administrative agency to apply and enforce a particular statute, the agency's construction and interpretation are entitled to great weight. *School Dist. of Drummond v. WERC,* 121 Wis. 2d 126, 132–33, 358 N.W.2d 285, 288 (1984). However, it would be speculating to determine the Department of Transportation's position on this issue simply from the language it requires on its forms. While a division between owner's and operator's insurance exists on the form, it could just as well be an application of the department's interpretation that the financial responsibility insurance cover the driver even when driving owned vehicles that are uninsured. We decline to give any weight to the language in the SR–22 form.

We also observe that a statute's meaning must be in accord with common sense. *See Nelson,* 150 Wis. 2d at 793, 442 N.W.2d at 533. It would be unreasonable to believe that the legislature intends insurance to operate like a contagious disease, attaching itself to any vehicle operated by a driver who has non-owner's insurance. We conclude that the financial responsibility laws mandate coverage for the operator, not the vehicle.

The second issue is whether the fact that Leader completed the SR–22 form in the manner it did acted to amend the insurance policy so as to provide vehicle coverage. Leader asserts that it did not choose the language used on the form. It had to check both the owner's and

operator's insurance boxes on the form. Further, it had to enter the phrase "all owned and non-owned vehicles" beneath the section on owner's insurance. It complains that because it did not know Wilson owned any cars, it did not undertake the risk of the extended type of exposure that is commensurate with vehicle insurance.

This issue is governed by an unambiguous section of the financial responsibility law. Section 344.33(5)(d), Stats., provides that an insurance policy proving financial responsibility, along with the application for the policy and any riders and endorsements, constitutes the entire contract between the parties, unless the policy, application, riders and endorsements conflict with the provisions of the financial responsibility statute.

We have already decided that the financial responsibility law itself does not require a company to insure owned vehicles as well as drivers. We also hold that the SR–22 form is not a rider or endorsement of any sort. There is no record that it was intended for that purpose by the agency; nor was it within Leader's contemplation that the SR–22 form would be considered an amendment to the contract. We reject Royal's argument.

The third issue is whether the omnibus statute, sec. 632.32(3)(a), Stats., demands that permissive users be covered under the non-owner's policy. Court decisions in this state have always attached omnibus coverage to the insured vehicle rather than to the insured person, even when the insured was legally liable for an accident that occurred in a vehicle other than the one listed in the policy. *See Mills v. Wisconsin Mut. Ins. Co.,* 145 Wis. 2d 472, 480–81, 427 N.W.2d 397, 400–01 (1988); *Limpert v. Smith,* 56 Wis. 2d 632, 639–40, 203 N.W.2d 29, 33 (1973).

In this regard, the cases follow the clear language of the statute. Section 632.32(3)(a), Stats., provides coverage for persons other than the named insured who are "using any motor vehicle described in the policy." The omnibus statute does not apply in this case.

This case is reversed and remanded to the circuit court with directions to enter judgment for Leader National Insurance Company.

*By the Court.*—Judgment reversed and cause remanded with directions.