NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 09-2707

———

UNITED STATES OF AMERICA

v.

STATE OF NEW JERSEY, ET AL.

CHRISTOPHER SZCZYGIEL, Appellant
Pursuant to F. R .A .P. 12(a)

———

On Appeal From the United States
District Court
For the District of New Jersey
(D.C. Civil Action Nos. 2-73-cv-00950,
2-77-cv-02054 and 2-79-cv-00184)
District Judge:  Hon. William H. Walls

———

Argued February 25, 2010

BEFORE:  CHAGARES, STAPLETON and
LOURIE,* *Circuit Judges*

(Opinion Filed: April 1, 2010)

———

*Hon. Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by
designation.

Thomas P. Monahan, Jr. (Argued)
Law Offices of Dennis A. Maycher
935 River Drive
Garfield, NJ
                    Attorney for Appellant

April J. Anderson
Dennis J. Dimsey
Lisa W. Edwards
Teresa Kwong (Argued)
U.S. Department of Justice
P.O. Box 14403
Washington, DC
                        Attorneys for Appellee
                        United States of America

Lisa D. Ruch (Argued)
Office of the Attorney General of New Jersey
P.O. Box 112
Trenton, NJ
                        Attorney for Appellee
                        State of New Jersey

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

Christopher Szczygiel appeals the order of the District Court denying his motion to intervene in this civil action. Because we write only for the benefit of the parties, we assume familiarity with the facts of this civil action and the proceedings in the District Court. We will affirm.

The underlying lawsuit, *United States v. New Jersey*, began when the United States filed a complaint against New Jersey, the Chief Examiner and Secretary of the New Jersey Civil Service Commission, and twelve New Jersey cities, including Passaic. The complaint alleged that the defendants discriminated on the basis of race and national origin in the course of administering entry level and promotional examinations and appointing fire department personnel. The parties reached an agreement to end the litigation that was memorialized in a 1980 Consent Decree. The Decree required New Jersey and the cities to take actions to increase the proportion of African-American and Hispanic employees in the fire departments. As part of the Consent Decree, the District Court for the District of New Jersey retained "jurisdiction of the matters covered under this consent decree for such further relief or action as may be necessary or appropriate to effectuate the purposes" of the decree. [A 15-16] In 1990, the Court entered a Supplemental Consent Order. Only the 1980 Consent Decree is at issue in this appeal.

The events relevant to this appeal began in 2005, when Szczygiel and his wife filed a civil action against Passaic, the Passaic Fire Department, and four individuals. In the lawsuit, Szczygiel made various state law claims based on alleged retaliatory acts taken by the defendants. According to Szczygiel, the defendants retaliated against him because he refused to file a false report (regarding an officer whom he believed was intoxicated while on duty) and gave testimony as part of a sexual harassment proceeding in support of a female firefighter. Among other acts of retaliation, Szczygiel alleged that

he was passed over for a promotion to Fire Captain in 2004, even though he had the highest score on the promotional exam of the ten applicants. At the time that he was passed over for a promotion, Szczygiel also filed an appeal with the Merit System Board, but that matter was held in abeyance pending the outcome of the civil litigation. Szczygiel was appointed to Fire Captain through a subsequent certification in April of 2005.

While Szczygiel's retaliation lawsuit was pending, an examination for the Deputy Fire Chief position in Passaic was announced. The closing date of the examination was February 28, 2006. Szczygiel was appointed to Fire Captain on April 11, 2005, less than a year before the closing date. Szczygiel missed the one-year requirement under state law by six weeks. *See* N.J. Admin. Code § 4A:4-2.6(a)(1).[1] However, he contended that he should be allowed to take the exam because he would have been appointed to Fire Captain before April 2005, but for the retaliation.

Szczygiel was permitted to take the exam, but his test was not immediately graded. The Department of Personnel released a promotional list that stated that Kenneth

---

[1] In relevant part, N.J. Admin. Code § 4A:4-2.6(a)(1) states:

(a) Applicants for promotional examinations shall meet all of the following criteria by the announced closing date:

(1) Have one year of continuous permanent service for an aggregate of one year immediately preceding the closing date in a title or titles to which the examination is open. Aggregate service shall be calculated in the same manner as seniority as set forth in N.J. Admin. Code 4A:4-2.15.

4

Martinez scored the highest on the examination. The Mayor of Passaic then wrote a letter to the Department of Personnel, advising that Passaic consented to a retroactive date of appointment of June 25, 2004, for Szczygiel's appointment to Fire Captain. Passaic requested that the Department grant the retroactive date and grade Szczygiel's exam. In response to this request, the New Jersey Merit System Board decided that Szczygiel's examination could be graded even though he had not met the one-year requirement under N.J. Admin. Code § 4A:4-2.6(a)(1). The Board found that good cause existed to relax the year-in-grade requirement because of the parties' agreement, the retroactive date of seniority, and Szczygiel's service as a Fire Captain since April 11, 2005. The Board stated that it would accept the time served after the closing date to meet the year-in-grade requirement. Finally, the Board ordered that Szczygiel receive a retroactive date of appointment of June 25, 2004, and that his examination for Deputy Fire Chief be scored.

Szczygiel subsequently entered into a settlement agreement with Passaic and the other defendants that resolved all of the claims in his civil suit. As part of the settlement, Passaic agreed to promote Szczygiel to the position of Deputy Fire Chief if he was ranked first on the list after his examination was scored. The parties also agreed that Szczygiel "shall have Captain status retroactive to June 25, 2004 for purposes of the Deputy Chief promotion." [A 39] Lastly, the defendants agreed to pay Szczygiel and his wife a sum of money for the satisfaction of all claims.

Szczygiel's examination was then scored. On the certified list that included him, Szczygiel was the highest scorer, followed by Kenneth Martinez, and Joseph Cajzer.

5

Passaic appointed Szczygiel to Deputy Fire Chief on or about April 1, 2007. *In re*

*Martinez*, 956 A.2d 386, 391 (N.J. Super. Ct. App. Div. 2008).

The Board denied Martinez's challenge to its earlier decision granting Szczygiel a

retroactive date of appointment. In its decision, the Board addressed Martinez's argument

that the Board's disposition violated the Consent Decree. The Board stated:

> Szczygiel was not admitted to the subject examination because his time
> from the retroactive date of appointment was counted as him actually
> performing the work duties. Rather, pursuant to *N.J.A.C.* 4A:1-1.2(c),[2] the
> Board found good cause to relax the provisions of *N.J.A.C.* 4A:4-2.6(a)1
> and accept the time the petitioner served as a Fire Captain **after the closing
> date** to satisfy the one-year-in-grade requirement and make him eligible for
> the Deputy Fire Chief . . . examination. . . . Moreover, as indicated above, it
> can be logically surmised that Szczygiel's bypass was improper on some
> grounds. Therefore, the retroactive date of appointment and the relaxation
> of *N.J.A.C.* 4A:4-2.6(a)1 was an attempt to make Szczygiel whole and put
> him in the same position he would have been in if not for the bypass, and
> was an equitable remedy.

[A 57 (emphasis in original)] The Board also distinguished this case from others

involving the Consent Decree, stating that it did not reduce the time-in-grade requirement

or change the examination announcement.

Martinez then appealed the administrative decision to the Superior Court of New

Jersey. The Superior Court affirmed in part, vacated in part, and remanded. *In re*

---

[2] N.J. Admin. Code § 4A:1-1.2(c) states:

> (c) These rules shall be considered the means by which the statutory
> purposes of the merit employment system are carried out. The
> Commissioner or the Board may relax these rules for good cause in a
> particular situation, on notice to affected parties, in order to effectuate the
> purposes of Title 11A, New Jersey Statutes.

6

*Martinez*, 956 A.2d at 397–98. The Superior Court affirmed the Board's decision to relax the year-in-grade requirement for Szczygiel but vacated the portion of the Board's opinion that "impliedly" approved of the part of the settlement in which Passaic agreed to appoint Szczygiel if he scored highest on the examination. The Superior Court found that this provision violated New Jersey's "Rule of Three," which allows the appointing authority to select from the top three candidates on the examination. *Id*. The Court explained that the "guarantee [in the settlement], which is tied exclusively to the applicants' test scores, . . . deviates from the Rule of Three's aim to include other merit criteria in the selection process, independent of test scores. *Id*. at 397 (internal quotation marks omitted). Finally, the Court noted its concern that the Board's decision potentially violated the 1980 Consent Decree but concluded that it would not address the issue because the United States was aware of the proceedings, but had not intervened, and because the interpretation of the Consent Decree was an issue for the federal district court. *Id*. at 396–97. The Superior Court remanded the case to the Board and the Department of Personnel, directing Passaic to repeat the final selection process for Deputy Chief, following the Rule of Three. *Id*. at 398.

After the Superior Court decision, the United States became involved and wrote New Jersey a letter, stating that Szczygiel should not be certified for the pending Fire Deputy Chief vacancy because he did not meet the year-in-grade requirement. The United States claimed that New Jersey would violate paragraph 7(b) of the 1980 Consent Decree if it issued a certification for the Deputy Chief position that included Szczygiel's

7

name.  The United States also noted that it had not agreed to waive the requirements of 7(b) for the position.

By letter of October 29, 2008, Passaic notified New Jersey that it had selected Szczygiel pursuant to the Rule of Three.  The City also advised that it had returned the Certification Request to the New Jersey Department of Personnel.

However, on remand, the Civil Service Commission[3] reversed its earlier decision and determined that Szczygiel's promotion to Deputy Chief violated the 1980 Consent Decree.  The Commission held that he should not have been placed on the eligible list and rescinded his permanent appointment.  The Commission also stated that Szczygiel was not entitled to any remedies under the Civil Service laws and rules.

Szczygiel then filed an emergency application with the Superior Court to stay the Commission's decision.  The stay was granted "on the condition that one of more of the affected parties promptly bring an application to the federal court to obtain a merits disposition of whether the 1980 Consent Decree requires Szczygiel's removal."  [A 75–76]  New Jersey then wrote a letter to the District Court for the District of New Jersey regarding the matter, stating that the United States and New Jersey agreed that Szczygiel's promotion violated the Consent Decree and that Passaic had taken no position.  Accordingly, there was no dispute among the parties to the Decree.  However,

---

[3] In June 2008, New Jersey abolished the Department of Personnel and established a new Civil Service Commission which assumed the functions of the Merit System Board. *See* 2008 N.J. Sess. Law Serv. Ch. 29 (West).

given the interests of non-parties, including Szczygiel and Martinez, New Jersey sought guidance from the Court on how to proceed.

The District Court responded that it would only exercise its jurisdiction "on a properly presented controversy in the form of an appropriate motion or application." [A 82] For reasons that are not clear from the record, Passaic decided not to proceed before the District Court.

Szczygiel then filed a memorandum of law in support of a motion to intervene in the District Court.[4] New Jersey and the United States opposed Szczygiel's attempt to intervene. The District Court denied Szczygiel's motion, concluding that he lacked standing to enforce or challenge the Consent Decree because he was not a party to it. Szczygiel filed a timely appeal.

## II.

We review a denial of a motion to intervene as of right under an abuse of discretion standard. *United States v. Alcan Aluminum, Inc.*, 25 F.3d 1174, 1179 (3d Cir. 1994). "However, our review is more stringent than the abuse of discretion review we apply to a denial of a motion for permissive intervention." *Id.* (internal quotations and citations omitted). We will reverse the District Court's decision only if it "has applied an improper legal standard or reached a decision we are confident is incorrect." *Id.* (internal quotations and citations omitted).

---

[4] He did not file an actual motion or a pleading that set forth "the claim or defense for which intervention is sought," as is required by Rule 24(c). *See* Fed. R. Civ. P. 24(c).

III.

On appeal, Szczygiel argues that the District Court erred by denying his motion to intervene because he met the requirements for intervention of right set forth in Rule 24(a)(2) of the Federal Rules of Civil Procedure.[5]  New Jersey responds that the District Court correctly decided that Szczygiel lacked standing to enforce or challenge the Consent Decree.  The United States agrees with New Jersey and also argues, in the alternative, that this Court should affirm on the grounds that Szczygiel did not meet the requirements for intervention under Rule 24(a)(2) because Szczygiel had no legally protected interest in his position as Deputy Fire Chief.

To intervene as of right under Rule 24(a)(2), a prospective intervenor must show: "1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent [his] interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005).  Because Szczygiel is not a party to the Consent Decree, he has failed to show a "sufficient interest in the underlying litigation," and we need not address the remaining three requirements for intervention as of right under Rule 24(a)(2).

The District Court decided that Szczygiel lacked standing to intervene based on our decision in *Antonelli v. New Jersey*, 419 F.3d 267 (3d Cir. 2005).  In *Antonelli*, 27

---

[5] Although Szczygiel references permissive intervention under Rule 24(b), he does not argue that he met the requirements of that rule.

10

individuals who had failed an entry-level firefighter examination filed complaints against New Jersey and its Department of Personnel, including among their claims an allegation that New Jersey violated the Consent Decrees. *Id.* at 270, 272. There, the District Court held that the 27 individuals lacked standing to enforce the Consent Decrees and we affirmed. *Id.* at 273. We explained that the 27 individuals did not have standing to enforce the Decrees because "they were not parties to the Consent Decrees or Order, the Consent Decrees do not contemplate such action and the [27 individuals] were not intended beneficiaries of either." *Id*.

In *Antonelli*, we relied upon a line of cases which hold that consent decrees are to be viewed as contracts between the signatories and we, accordingly, found it necessary to look to the consent decree itself to determine what role, if any, was contemplated for non-parties. *Id*. at 273; *see, e.g., Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975); *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971); *SEC v. Prudential Securities, Inc.*, 136 F.3d 153, 160 (D.C. Cir. 1998). When we follow that counsel here, we find that Szczygiel is in precisely the same position as the plaintiffs in *Antonelli*: he is not a party to the Consent Decree, the Consent Decree does not contemplate his participation in the proceedings as he proposes,[6] and he is not an intended beneficiary of

---

[6] It is not altogether clear to us what the purpose of Szczygiel's intervention is. Before the District Court, he stated that the Consent Decree was "arbitrarily and/or erroneously applied to deprive him of a cognizable right, . . . his continued employment as a Deputy Fire Chief in the City of Passaic." [SA 2] He also argued that "racial parity" had been achieved and that the Consent Decree was "no longer a necessary injunctive mechanism for remediation of the deprivation of rights historically affected." [SA 3] However,

the Consent Decree.  Accordingly, we conclude, as did the District Court, that *Antonelli* controls.  It follows that he is unable to meet the requirements of Rule 24(a)(2) and that the District Court properly denied his motion to intervene.

We express no opinion as to whether Szczygiel's promotion to the position of Deputy Fire Chief would violate the terms of the 1980 Consent Decree.

IV.

For these reasons, the order of the District Court will be affirmed.

---

whether he seeks clarification, amendment, or termination, it is clear that the Consent Decree does not contemplate his participation.  With respect to termination, the terms of the Consent Decree allow a defendant to move for termination of the Decree "upon a showing that the combined proportion of blacks and Hispanics in the uniformed ranks as a whole of that defendant's fire department approximates their proportion in the relevant labor market for that city."  [A 16]  The Decree does not contemplate termination upon the motion of a non-party.