**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2472-20

IN THE MATTER OF
SALADIN STAFFORD,
COUNTY CORRECTIONAL
POLICE LIEUTENANT
(PC2070U), ESSEX COUNTY

_____

Argued June 9, 2022 – Decided June 30, 2022

Before Judges Haas and Alvarez.

On appeal from the New Jersey Civil Service Commission, Docket No. 2021-470.

Catherine M. Elston argued the cause for appellant Saladin Stafford (C. Elston & Associates, LLC, attorneys; Catherine M. Elston, of counsel and on the briefs).

Jeanne-Marie Scollo, Assistant County Counsel, argued the cause for respondent Essex County Department of Corrections (Courtney M. Gaccione, Essex County Counsel, attorney; Jill Caffrey, Assistant County Counsel, and Jeanne-Marie Scollo, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission

(Debra A. Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Saladin Stafford, a corrections sergeant, took and passed the Civil Service promotional exam for the title of Essex County Corrections Police Lieutenant on May 4, 2017. Unfortunately, he was convicted for the third time on December 2, 2016, of driving while under the influence, N.J.S.A. 39:4-50, and lost his driving privileges for ten years. As a result, the Civil Service Commission (CSC) on March 26, 2021, by way of final agency decision, deemed him ineligible for the promotion, and he appeals. We affirm for the reasons the CSC stated.

Upon Stafford's conviction, disciplinary proceedings were initiated against him by Essex County. The parties reached a settlement in which Essex agreed not to "consider the . . . discipline for reasons of promotion." When the settlement was placed on the record, Stafford's counsel said that "the charges in the underlying incident that were the predicate for the charges will not be used or considered with respect to promotional -- my client's promotional opportunities going forward." After serving the ninety-day suspension called for by the settlement, completing an outpatient alcohol treatment program, and passing a fitness for duty exam, Stafford returned to work. When he learned he

A-2472-20

was on the promotional list, he requested and was granted an interview. When he returned for the second interview, he was informed that he was ineligible for promotion because he had no valid driver's license. The CSC removed him from the eligible list, and in its final decision, it commented that had it been "aware that [Stafford] did not possess the required license at the time of the determination of his eligibility, it would have determined him ineligible for the subject examination."

The CSC concluded that Stafford had not met his burden of proof to be reinstated on the police lieutenant eligible list because possession of a valid driver's license was a CSC "requirement for appointment in the subject title which cannot be waived by an appointing authority." The CSC considered Stafford's arguments regarding equitable estoppel and the square corners doctrine to be irrelevant because he and the County were equally responsible for ignoring or not considering the license requirement. Regardless of the agreement, the CSC had the authority to remove Stafford from the eligible list for lacking basic job requirements. See N.J.A.C. 4A:4-4.7(a)(1) and N.J.A.C. 4A:4-6.1(a)(1). The burden fell on Stafford to demonstrate by a preponderance of the evidence that the CSC's decision to remove his name from the eligible list

was mistaken. But the requirement was clearly included in the job description formulated for the position, thus he could not carry the burden.

Now on appeal, Stafford contends that the County was aware that he had taken the promotional examination prior to entering into the settlement, and by agreeing to disregard the discipline, the County waived the driver's license requirement. Stafford opined the County failed to establish that it adopted the Civil Service job description. Stafford suggests that the CSC and the County in some manner colluded in order to void the settlement agreement after it was already executed.

Stafford contends:

> I. STANDARD OF REVIEW.
>
> II. THE [CSC]'s RULING THAT THERE WAS NO BREACH OF THE PARTIES' SETTLEMENT AGREEMENT, IS ARBITRARY, CAPRICIOUS AND UNREASONABLE AS A MATTER OF LAW.
>
> III. THE CSC'S REJECTION OF EQUITABLE PRINCIPLES IS CONTRARY TO PRECEDENT.

We find nothing "arbitrary, capricious, or unreasonable" in the CSC's decision to remove Stafford from the list because he failed to meet a prerequisite of the lieutenant position. See Burris v. Police Dep't W. Orange, 338 N.J. Super.

4

493, 496 (App. Div. 2001) (citing Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)).  It is Stafford's burden to establish a basis for us to decide that the agency's final action was arbitrary, capricious, or unreasonable.  See In re Arenas, 385 N.J. Super. 440, 443–44 (App. Div. 2006) (citing McGowan v. New Jersey State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002); Barone v. Dep't of Human Servs., 210 N.J. Super. 276, 285 (App. Div. 1986)).  The interpretation of the settlement agreement in this case is a question of law subject to de novo review.

Article VII, Section 1, Paragraph 2 of our State Constitution prescribes that, except for hiring preferences awarded to military veterans, appointments and promotions in the civil service "shall be made according to merit and fitness to be ascertained, as far as practicable, by examination, which, as far as practicable, shall be competitive."  In re Martinez, 403 N.J. Super. 58, 71 (App. Div. 2008).  The Civil Service Act, N.J.S.A. 11A:1-1 to 12.6, implements this provision.  In re Johnson, 215 N.J. 366, 375 (2013).  The Act binds the State as well as its political subdivisions that choose to be bound by Civil Service jurisdictions.  See N.J.S.A. 11A:2-11(e); N.J.A.C. 4A:9-1.1.  The CSC must assign each position to a title, which "[e]stablishes the minimum education and

experience qualifications necessary for successful performance."  N.J.A.C. 4A:3–3.1(b)(2).

Given its duty to "provide a specification" and set "minimum . . . qualifications" for each title, the CSC is authorized to, as it did here, impose a licensure requirement for lieutenant corrections officers within Civil Service jurisdictions.  See In re Johnson, 215 N.J. at 376 (citing State v. State Supervisory Emps. Ass'n, 78 N.J. 54, 90 (1978)) (recognizing that the CSC may "classify positions and . . . prescribe qualifications for specific titles").  "When the Commission exercises its authority to prescribe the qualifications for a position, courts are loathe to interfere."  Ibid.

The CSC is also responsible for "establish[ing] and supervis[ing] the [employee] selection process."  N.J.S.A. 11A:2-11(f).  The selection process for a civil service position "shall be subject to an examination."  N.J.A.C. 4A:4-1.1; N.J.S.A. 11A:4-2; In re Code Enf't Officer, 349 N.J. Super. 426, 430 (App. Div. 2002).  Following the examination, the CSC produces an eligible list ranking job candidates based on their scores and veteran status, among other considerations. N.J.A.C. 4A:4-3.2.  An appointing authority is required to either hire from this list or leave the position vacant.  N.J.S.A. 11A:4-5; In re Code Enf't Officer, 349 N.J. Super. at 430.

6

Persons "lack[ing] the job requirements" are deemed disqualified and may be denied access to the examination. N.J.A.C. 4A:4-6.1(a)(1). If such persons were permitted to take the examination and placed on the eligible list, the CSC may remove them from the list, again—as it did here. See N.J.A.C. 4A:4–6.2(a)(5); N.J.A.C. 4A:4-4.7 (a).

We conclude for the reasons stated by the CSC, that Stafford simply cannot prevail by arguing without any support in the law that Essex had the authority to alter the requirements of the lieutenant's position to comply with the settlement.

Stafford cannot reasonably expect the agreement to give him greater benefits than if he had not settled at all. Had the disciplinary proceedings been decided in his favor, the law would have been the same—Stafford would still be ineligible for the lieutenant's position because he does not have a valid driver's license. To interpret the settlement agreement otherwise is to ignore justice and common sense. See Phoenix Pinelands Corp. v. Davidoff, 467 N.J. Super. 532, 648 (App. Div. 2021).

Nor is Stafford entitled to relief under the "turn square corners" doctrine or other equitable considerations. In this case, Essex was not the entity that controlled the job promotion Stafford sought. Only the CSC had that power.

A-2472-20

Thus, even if Essex had agreed to disregard Stafford's license suspension (and we do not find that it did), the reality remains that only the CSC can eliminate the requirements for a promotion within the Civil Service.

Finally, equitable estoppel cannot be invoked against a government entity except to prevent manifest injustice. Bridgewater-Raritan Educ. Ass'n v. Bd. of Educ. of Bridgewater-Raritan Sch. Dist., Somerset Cnty., 221 N.J. 349, 364 (2015). There was nothing unjust about removing Stafford's name from the list since he did not meet one of the basic requirements of the position.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2472-20